**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA :**


           v.                    :           **24-cr-254 (ABJ)**


**MAURICE DRIVER**              :


### DEFENDANT'S SENTENCING MEMORANDUM

Mr. Maurice Driver will appear before this Honorable Court for sentencing on November 6, 2024 after pleading guilty on August 9, 2024.  He pleaded guilty to one of the counts of Making False Statements after the government indicated that it would not oppose probation. Because of the sentencing factors that the Court is required to follow under 18 U.S.C. 3553, the defense respectfully requests that the Court sentence Mr. Driver of sentence of time-served because that sentence is sufficient but no greater than necessary to punish him.

The government appropriately does not assert that the underlying allegations in this case are true.[1]  Mr. Driver has agreed that he was not truthful when questioned by investigators and he regrets his actions.  As a result, he accepted a plea agreement early in this case.

Although Mr. Driver is ashamed that he broke the law, it is important to point out: 1) that he did so only after being falsely accused; and 2) that his conduct, although not criminal, likely violated Amtrak's Code of Conduct.  Thus, he made the poor but understandable decision to lie in order to avoid termination from his job.

---

[1] Mr. Driver vehemently denies the allegations that initiated the investigation into his actions as an Amtrak employee.  The defense has affirmative evidence conclusively demonstrating that Mr. Driver did not commit any crimes against the passenger.

The interaction with law enforcement was without counsel and Mr. Driver was confused and made poor decisions in how he answered those questions.  It is undisputed that the agents were also investigating him for violations of his Employee Code of Conduct and that he was aware that the information he provided would be communicated to his supervisors.  In fact, the investigators initially did not tell him that he was under a criminal investigation but rather that he was being "asked to provide information as part of an investigation being conducted by the Office of Inspector General into alleged misconduct and/or improper performance of official duties."  Transcript, Interview of Maurice Driver.  He was later subsequently told that "[a]ny statement you furnish may be used as evidence in any future criminal proceeding or company disciplinary proceeding or both."  He was never advised that a false statement in the interview could subject him to additional charges.

Once he had an opportunity to reflect on his decisions leading to this incident, Mr. Driver pleaded guilty and quickly accepted responsibility because he made a statement that he knew to be false.  But within the context of a 1001 offense, Mr. Driver's actions were relatively minor.  Counsel has seen hundreds of cases where individuals lie to law enforcement even when there is no accompanying "company disciplinary proceeding."  For example, in nearly every January 6th case, the government alleges that the defendant spoke to law enforcement and lied about some aspect of their conduct.  False statements to law enforcement in interrogation rooms are extremely common but charges for False Statements in that context is extremely rare.

It seems clear that the government's decision to prosecute this case arises from the serious nature of the original allegation.  But the seriousness of the allegation makes it no more true.[2]

---

[2] Even the evidence presented that the government provided to U.S. Probation tells an odd story.  The complainant, in this scenario, was assaulted on the train but then exchanged numbers with her assailant, went to her assailant's

Mr. Driver is a well-respected young man who has spent much of his life working on behalf of individuals suffering from autism.  He is a highly educated man who has been continuing to develop himself.  Until this case, he had no criminal history score.  Because of this incident, he has lost a very good government job as a result of his poor judgment.  No additional punishment is necessary.

## Introduction

Maurice Driver is a 36 year old college graduate who is now attempting to better himself in pursuing additional education.  He has spent the most time working with autistic adults for Eden Autism Services.  There, he was universally considered a professional, reliable and impactive employee and an honorable man. He grew up in New Jersey with his younger brother, under the care of his single mom.  Despite his parents' marital conflicts, he excelled as a youth, playing sports and making the Honor Society.  He ultimately went to college at the New York Institute of Technology and graduated in 2011 with a B.S. in Biology.  He is in a long-term relationship and cohabitates with his girlfriend, who works as a social worker.  He is known to help those in his community and has spent many hours volunteering for the Paralympics. Consistent with his nature and his history, he has been entirely compliant during his supervision in this case.

## Argument

### Sentencing Law

The parties agree that Mr. Driver's Sentencing Guideline range is between 0 to 6 months and in Zone A. The government has allocutes for a period of probation.

---

hotel and then slept in the lobby when the assailant did not answer his phone.

Upon information and belief, the complainant suffers from significant mental health disorders.  In addition, the defense has evidence that the allegations made were completely false.

Pursuant to 18 U.S.C. § 3553(a) – as explicitly endorsed by the Supreme Court in *Booker* – sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner

Several years after *Booker*, the Supreme Court made clear that the "Court's overarching duty" is to "'impose a sentence sufficient, but not greater than necessary,'" *Pepper v. United States*, 562 U.S. 476, 493 (2011) (quoting 18 U.S.C. § 3553(a)), to comply with "the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation," *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); *see also* 18 U.S.C. § 3553(a)(2).

## I.    Under the 3553 Factors, the Appropriate Sentence is time-served months with no supervised release.

### A.  The History and Characteristics of Mr. Driver

Mr. Driver has lived a productive and law-abiding life. He did well in high school and graduated from college.  Though he did not pursue his studies in Biology, he has always worked hard and had a good and steady job.  His friends and family are effusive, for example, his brother calls him a "great guy who is loving, giving, responsible, accountable and a family man."  He has had minimal interactions with the criminal justice system and the one conviction that he has is for a marijuana offense that is no longer criminal and can be expunged. https://www.njcourts.gov/courts/municipal/marijuana-expungement.

Mr. Driver has been a productive worker in life but he has also used his professional

4

experiences to do good in the world.  He has spent most of his time working with autistic adults.
More than a job, he spent time coaching individuals and volunteered to help those who wanted to
play in the then-named Special Olympics.

Since he has lost his job, he has not used this case as an excuse.  He now works as a mail
carrier.  He is also attempting to broaden his skill set and is currently taking classes through
Amazon Web Services so that he can become a cloud engineer.

Mr. Driver pleaded guilty in this case and did so against the advice of counsel.  Counsel
believed that he could rightfully challenge the materiality of the false statement for two reasons:
first, the officials knew the statements to be false and thus did not rely upon his statement in any
way; second, Mr. Driver was not specifically advised that he could be punished criminally for
making such a statement. Mr. Driver insisted on pleading guilty, without litigating any motions,
even though his exposure would not likely have changed.

Mr. Driver acknowledges that he made bad choices leading up to and during the
interview with Amtrak.  He is deeply remorseful and regrets those choices, legally, ethically and
morally.  However, his choices have had significant repercussions – he lost his job and went
through a period of time without pay.  He has experienced the shame of allegations – even false
and uncharged allegations – that has impacted his personal life.

### B.  The Nature and Circumstances of the Offense

In counsel's view, while these facts technically fall within conduct criminalized by the
statute, the government's decision to pursue these charges is unusual.  Because the conduct
acknowledged by Mr. Driver is typically not charged, even in this courthouse, counsel urges the
Court to find that the nature and circumstances of this offense support no further punishment.

Counsel is unaware of another case where a standalone False Statements charge was

brought against someone for providing misleading of incorrect information during an interview. While this interview was "voluntary" in that Mr. Driver was told he was not required to speak, that communication further confused the import of the interview.  In fact, when provided the scope of the interview, he was initially led to believe that it was entirely about whether he faced employment consequences:  "You are being asked to provide information as part of an investigation being conducted by the Office of Inspector General into alleged misconduct and/or improper performance of official duties."  Transcript, Interview of Maurice Driver.  He was subsequently told that "[a]ny statement you furnish may be used as evidence in any future criminal proceeding or company disciplinary proceeding or both."  He was then told that he was not "in custody" but that he would be provided Amtrak's "advice of rights for a person in custody."

Mr. Driver fully acknowledges his conduct and takes responsibility for his actions.  But when weighing the relative nature and circumstances of his particular offense, the Court should consider that the conduct is common but prosecution of this conduct is rare.

### C.  The Need for the Sentence Imposed

18 U.S.C. § 3553(a) directs the Court to consider four objectives of federal sentencing to impose a sentence that is "sufficient, but not greater than necessary" to achieve those goals.  The first purpose is to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  Mr. Driver accepted responsibility for his actions and has been compliant on supervision.  He pleaded guilty early, despite advice from counsel.  He faces charges for conduct that is often times deemed collateral to a crime, but not typically prosecuted on its own.  He has lost his job but has been able to find new employment and continues to contribute to society.  His history indicates a giving and

responsible person.

### D.  A Time-Served Sentence is Not an Unwarranted Sentencing Disparity

A time-served sentence is appropriate here.  Mr. Driver has a guideline range of 0 to 6 months, which permits any sentence that the Court would feel appropriate.  There has been no demonstration that further supervision of Mr. Driver is appropriate or necessary.  His actions in this case were reactionary and in the moment.  His poor choices arose out of fear and panic that he lost his job.  They are not the type of choices where a different sentence would deter him or the community.  Beyond that, Mr. Driver has shown himself to be a good, caring and empathetic person.  He works with the disabled and helps whomever needs any sort of assistance

His remorse and understanding of his actions are best reflected by his conduct since this case.  He has been entirely compliant and steadfast in his desire to take responsibility for his offense.

### Conclusion

A sentence of time served may seem lenient.  But Mr. Driver has essentially no criminal record and has demonstrated through his compliance that he is not in need of further rehabilitation.  He has suffered significant consequences for his actions by losing his job.  And he has learned, from a social, ethical and moral perspective that he must make better decisions in life.  He has already taken steps to better himself in light of this incident.  Supervised release or probation is simply not necessary for Mr. Driver.

Respectfully submitted,


A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500